UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

      -against-

TAL ALEXANDER,

                Defendant.

Civ. Action. No. 25-cv-2109 (JPO)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO REMAND**

Plaintiff, Jane Doe ("Plaintiff"), respectfully submits this Reply to the Defendant's Response in Opposition of Plaintiff's Motion to Remand the within action to the Supreme Court of the State of New York, New York County.

## I.    LEGAL STANDARD

Federal courts have jurisdiction over "all civil actions where the amount in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." *See* 28 U.S.C. § 1332. "On a motion to remand, 'the defendant bears the burden of demonstrating the propriety of removal.'" *Pizarro v. Langer Transp. Corp.*, 21 Civ. 5439 (ER)(S.D.N.Y. Nov. 16, 2021) *citing Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted)." Removal statutes are to be strictly construed **against** removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco Inc.*, 498 F.Supp.2d 711, 715 (S.D.N.Y. 2007) (emphasis added)(citations omitted). The Second Circuit has explained that this is based on ". . . congressional intent to restrict federal court jurisdiction as well as the importance of preserving the independence of state governments." *Lupo v. Human Affairs Int'l. Inc.*, 28 F.3d 269, 274 (2d Cir.1994). By failing to meet his burden of demonstrating the propriety of removal in this instance, this case must be remanded to state court.

## II.    ARGUMENT

Plaintiff hereby incorporates each and every allegation of fact and law as set forth in her Motion to Remand. In response to Plaintiff's Motion to Remand, the Defendant has filed an opposition insisting that he is domiciled in the State of Florida. However, upon review of the documentation, none of the documents establish domicile as of the date of filing in February of 2025. (*See Dkt*. 17-1 to 17-16).

"Where diversity of citizenship is the basis for removal, diversity must exist not only at the time the action was filed in state court, but also at the time the case is removed to federal court. *Pizarro v. Langer Transp. Corp.*, 21 Civ. 5439 (ER) (S.D. N.Y. Nov 16, 2021)(referencing *Steven v. Nichols*, 130 U.S. 230, 231 (1889); *United Food and Commercial Workers Union, Local 919 v. Center Mark Props. Meriden Square Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); and, *Webb v. Harrison*, 14-CV-5366, 2015 WL 500179, at *1 (S.D.N.Y. Feb. 5, 2015). Furthermore, when diversity of citizenship is the basis for removal, "the party invoking jurisdiction bears 'the burden of establishing that the requirements for diversity jurisdiction [are] met.'" *Id.* quoting *McGrath v. Indus. Waste Techs.*, 20-CV-2858, 2021 WL 791537, at *4 (S.D.N.Y. Feb. 26, 2021) (quoting *Mechlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). For the purposes of diversity jurisdiction, citizenship is determined by a person's domicile. *Id.* (referencing *Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000)). Domicile is the place where a person has their true, fixed home and where they intend to remain. *Id.* (referencing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). Because a person can have only one domicile at a time, a party alleging a change in domicile has the burden of proving, by clear and convincing evidence, that domicile has changed. *Id*. (referencing *Gutierrex v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998))(citations omitted).

The Defendant's response in this case establishes only that he has vehicles registered in Florida, has a Florida driver's license and maintains a mailing address in the State of Florida where he receives car insurance bills and claims to reside for tax purposes. Oddly, the Defendant claims to permanently reside at 2687 Flamingo Drive, Miami, FL[1] (the "Flamingo Drive Address") but

---

[1] It should be noted that, according to the Florida Department of State, the Flamingo Drive Address is owned by a limited liability company called 2687 Flamingo LLC, whose registered agent is the Defendant with an address at 3541 Flamingo Drive, Miami, Florida. See website: https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResults?InquiryType=EntityName&I

has a different address on his driver's license (*Dkt*. 17-2), a different address on the purchase order for his Land Rover (*Dkt*. 17-3), a different address on his vehicle registrations (*Dkt*. 17-4), a different address for his Progressive Auto Insurance statements (*Dkt*. 17-6, 17-7, 17-9, 17-10), a different address for his voter registration (*Dkt*. 17-8), and a different address for his 2021 tax return (*Dkt.* 17-11, 17-12, 17-13).  While it does appear that he used the Flamingo Drive Address for his tax returns during years 2022 and 2023 (*Dkt*. 17-14, 17-15, 17-16), the Defendant fails to show any such documentation for 2025 when suit was filed and the more recent documents that he has provided to the Court show an address other than the Flamingo Drive Address.  Thus, we are left without any actual evidence that the Defendant was domiciled in the State of Florida at the time that suit was initiated.

It is well known that the Defendant spends significant time in New York, and in particular New York City.  After all, Plaintiff met the Defendant in New York City in 2015.  Moreover, a search for properties related to the Defendant shows that he owns, either individually or through companies he owns or has an interest in, at least thirty (30) properties in New York, any one of which may be the Defendant's actual domiciliary.  In short, the Defendant has failed to meet his burden of showing, by clear and convincing evidence, that he is, in fact, domiciled in Florida.  Accordingly, this matter must be remanded to the Supreme Court of the State of New York, New York County.

### III,    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion and remand this action to the Supreme Court of the State of New York, New York County.

---

nquiryDirectionType=ForwardRecord&SearchTerm=2695%20WYN%20ART%20LLC&SearchNameOrder=26871NICKIJCT%20L220002079190&ListNameOrder=26851BONITA%20L090000310480&Detail=FL.DOS.Corporations.Shared.Contracts.FilingRecord

Dated:  New York, New York

April 21, 2025

**CURIS LAW, PLLC**

By: *Antigone Curis*
_____

Antigone Curis, Esq.
Attorney for Plaintiff
52 Duane Street, 7th Floor.
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

       -against-

TAL ALEXANDER,

                Defendant.

Civ. Action. No. 25-cv-2109 (JPO)

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1, I certify that the total number of words in this memorandum of law, inclusive of point headings and footnotes is 986, and is therefore in compliance with the aforesaid rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 21, 2025

By: *Antigone Curis*

**CURIS LAW, PLLC**

_____
Antigone Curis, Esq.
Attorney for Plaintiff
52 Duane Street, 7th Floor.
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

5