UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JANE DOE,

                 Plaintiff,

         -v-

TAL ALEXANDER,

                 Defendant.

25-CV-2109 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On February 18, 2025, Plaintiff filed an anonymous complaint in New York County Supreme Court asserting claims for sexual battery and violation of New York City's Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code. § 10-1103.  (ECF No. 1-1 ("Compl.") at 4, 7-9.)  On March 13, 2025, Alexander removed the action to this Court, invoking federal diversity jurisdiction.  (ECF No. 1 at 2.)  On March 18, 2025, the Court directed Plaintiff to file a motion requesting leave to proceed under a pseudonym.  (ECF No. 6.)  Plaintiff filed such a motion on March 30, 2025 (ECF No. 8), along with a supporting memorandum of law (ECF No. 9 ("Mem.")).  Alexander opposed the motion on April 7, 2025 (ECF No. 13), and Plaintiff replied in support of the motion on April 9, 2025 (ECF No. 14).

Whatever the merits of Plaintiff's case, she is not entitled to proceed under a pseudonym. Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint.  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008).  Accordingly, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189.  Factors that the Second

Circuit has identified as relevant to this balancing include the sensitivity of the litigation, the risk of harm, the plaintiff's unique circumstances, prejudice to the defendant, the public interest, and alternatives to confidentiality.[1]  *Id.* at 189-90.  Because defendants always suffer some prejudice from being unable to confront their accusers, and because "there is a strong presumption of public access" to "the public forum of litigation," "pseudonyms are the exception and the not the rule."  *Doe v. Intel Corp.*, No. 24-CV-6117, --- F.Supp.3d ----, 2024 WL 4553985, at *2, 5 (S.D.N.Y. Oct. 22, 2024) (cleaned up).

    Here, Plaintiff has failed to rebut the strong presumption of public access.  Even assuming the truth of Plaintiff's allegations—that Alexander raped her once on an undisclosed date (Compl. at 6-7)—Plaintiff does not allege distinct harm that would arise from public awareness.  The complaint alleges only a single instance of sexual battery, not an ongoing campaign of intimidation or violence.  (*Id.*)  And Plaintiff's memorandum of law argues only in conclusory terms that she fears retaliation from Alexander.  (Mem. at 5.)  Plaintiff also concedes that Alexander will "have access to Plaintiff's discoverable information, and will still have the right to depose . . . any and all witnesses," presumably including Plaintiff herself.  (*Id.*)  Thus, keeping Plaintiff's name secret from the public will have no impact on Alexander's ability to retaliate against her.  Otherwise, the only basis for Plaintiff's request is that allegations of sexual assault are sensitive in nature and that "having [her] experiences played out in a public forum could spark more trauma."  (*Id.*)  But courts in this Circuit have routinely found such allegations insufficient to justify anonymous pleading, including numerous courts assessing similar claims

---

[1] The factors listed here are a condensed version of the original ten factors articulated in *Sealed Plaintiff*, 537 F.3d at 190.  However, the Second Circuit has been clear that "a district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion."  *Id.* at 191 n.4.

against Alexander himself.  *See, e.g.*, *Doe v. Alexander*, No. 25-CV-2077, 2025 WL 1637941, at *1 (S.D.N.Y. June 9, 2025); *Doe v. Alexander*, No. 25-CV-2241, 2025 WL 1532414, at *1 (S.D.N.Y. May 28, 2025); *Doe v. Alexander*, No. 25-CV-01631, 2025 WL 784913, at *1 (S.D.N.Y. Mar. 12, 2025).  As those courts have aptly noted, "[r]equiring a defendant to publicly defend himself against allegations of sexual assault, while the plaintiff retains her anonymity, is prejudicial," and the public's ordinary interest in "knowing the underlying facts of a litigation, including the identities of litigants," is "magnified because Doe has made her allegations against a public figure."  *Doe*, 2025 WL 1637941, at *5 (cleaned up).  The remaining *Sealed Plaintiff* factors are either not relevant (e.g., Plaintiff's age), or insufficient to tip the scales in either direction (e.g., the fact that Plaintiff's name is not already publicly known).  Accordingly, the Court determines that "Doe's interest in keeping her identity confidential does not overcome the general presumption of public disclosure in judicial proceedings."  *Id.* at *1.

In sum, the risks to Plaintiff from public disclosure are minimal, and the harm to Defendants and the public would be great.  Plaintiff's motion to proceed under a pseudonym is therefore denied.

Plaintiff shall file a letter within 7 days of the publication of this opinion indicating whether she intends to proceed using her real name.  If she elects to proceed, her real name will be used in all future filings, she shall file an amended complaint using her real name within 14 days of her letter, and the Court will consider the other pending motions in due course.

The Clerk of Court is directed to terminate the motion at 8.

SO ORDERED.

Dated: July 17, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3