UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CEZARA CARTA,

        *Plaintiff*,                                              No. 1:25-cv-2109

        v.

TAL ALEXANDER,                                   **AMENDED COMPLAINT**
                                                             **AND DEMAND FOR**
                                                             **JURY TRIAL**

        *Defendants*.

--------------------------------------------------------X

        Plaintiff Cezara Carta ("Plaintiff"), by and through her attorneys, Curis Law and for her Complaint alleges as follows:

## INTRODUCTION

        1.     Plaintiff brings this action to hold Defendant Tal Alexander accountable for his premeditated and deliberate sexual assault against her in New York. On or about October 1, 2019, Defendant invited Plaintiff to his apartment under the pretense of a lunch invitation. However, once inside, he violently assaulted and raped her. Defendant's manipulation and sexual violence left Plaintiff traumatized and suffering from lasting psychological and emotional damage.

        2.     Defendant leveraged his power, wealth, and social influence to perpetrate these crimes without consequence. His actions form part of a larger pattern of coercion, manipulation, and sexual violence against women. Plaintiff seeks justice, damages, and punitive measures to prevent future harm and to hold Defendant accountable for his egregious misconduct.

## PARTIES

3. Plaintiff is an adult female who resided in New York at the time of the assault. She currently resides in New York and brings this action to hold Defendant accountable for his actions.

4. Defendant Tal Alexander, a resident of New York, engaged in predatory conduct and used his social status and financial power to lure, coerce, and sexually assault women, including Plaintiff.

5. Currently, Tal Alexander, is incarcerated at the Metropolitan Detention Center (MDC), 80 29th Sreet, Brooklyn, NY 11232.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to New York Civil Practice Law and Rules (CPLR) 301 and 302, as this action involves causes of action recognized under the laws of the State of New York, including violations of the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code 10-1101.

7. This Court has personal jurisdiction over the Defendant pursuant to CPLR 302(a) because the acts giving rise to Plaintiff's claims occurred within the State of New York, the Defendant is domiciled in New York and/or regularly transacts business in New York State, including in New York City.

8. Venue is proper in this County pursuant to CPLR 503 because a substantial part of the events or omissions giving rise to Plaintiffs claims occurred in this County, including the assault of Plaintiff.

## JURY DEMAND

9. Plaintiff hereby demands a trial by jury on her claims in this action.

## FACTUAL ALLEGATIONS

10. Tal Alexander has a well-documented history of leveraging his wealth and social status to exploit and manipulate women and is presently incarcerated for allegations relating to such conduct.

11. At all times material hereto, the Defendant regularly sought out victims within exclusive social settings, promising luxury experiences to gain trust before subjecting them to sexual violence.

12. Plaintiff initially met Defendant in a social setting and the two exchanged contact information.

13. Defendant subsequently invited Plaintiff and her friend to his apartment on the night of the incident. There, he invited Plaintiff and her friend to have sexual contact with him, which Plaintiff rejected.

14. Thereafter, Defendant kept messaging Plaintiff, and about a week later, extended an invitation for a lunch meeting at his residence in New York, implying a professional and/or casual gathering.

15. Plaintiff accepted the invitation and arrived at Defendant's apartment expecting to meet him for lunch. Plaintiff believed that she would be in his apartment until he got ready to go for lunch elsewhere.

16. Once inside of the Defendant's apartment, Defendant closed the door and immediately became aggressive, dragging Plaintiff into his bedroom.

17. Plaintiff attempted to resist, but Defendant forcefully grabbed her hair and threw her onto the bed and restrained her.

18. Defendant raped Plaintiff while ignoring her repeated verbal and physical resistance.

19. After the sexual assault and battery, Defendant nonchalantly told Plaintiff to leave, stating that he had other matters to attend to.

20. Plaintiff was in shock, struggling to process the trauma she had just endured.

21. Plaintiff suffered from extreme anxiety, dissociation, and emotional distress in the days and weeks following the assault.

22. Over time, Plaintiff developed PTSD, experiencing flashbacks and severe panic attacks related to the trauma.

23. Fearful of retaliation and stigma, she did not immediately report the assault.

24. The psychological and emotional toll has affected her ability to form healthy relationships and trust others.

## FIRST CAUSE OF ACTION
(Violation of New York City Victims of Gender-Motivated Violence Protection Act)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if hereinafter set forth at length.

26. By forcing sexual contact onto Plaintiff, Defendant committed a "crime of violence motivated by gender" under the Victims of Gender-Motivated Violence Protection Act ("VGMVPA") as defined in New York City Administrative Code 10-1103.

27. The requirement that the crime of violence be committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender is satisfied because Defendant forced Plaintiff to engage in a sexual interaction without consent. Moreover, Defendant's long history of violence and sexual abuse against women evinces a deep contempt and desire for domination over women.

28. Defendant intentionally made harmful and offensive sexual contact with Plaintiff without consent. Defendant restrained Plaintiff through coercion and force, preventing her from leaving immediately. Defendant's conduct was extreme, outrageous, and caused severe emotional distress.

29. Plaintiff suffered severe physical and emotional harm as a result. Plaintiff was held against her will and subjected to non-consensual acts. Plaintiff continues to suffer from anxiety, trauma, and depression.

30. As a result of Defendant's actions, Plaintiff suffered damages in an amount to be determined at trial and pursuant to the fee-shifting provision of the statute.

## SECOND CAUSE OF ACTION
(Sexual Battery)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if hereinafter set forth at length.

32. Defendant's conduct as described above constitutes a sexual battery in that the contact was intentional, harmful and offensive. Moreover, Plaintiff did not consent to the harmful and offensive contact.

33. By forcing sexual contact onto Plaintiff, Defendant committed acts constituting rape and oral sexual conduct, falling within the scope of CPLR 213-c, which provides a 20-year statute of limitations for civil claims arising from such conduct.

34. CPLR 213-c states: "Notwithstanding any other limitation set forth in this article, an action to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such plaintiff. . . may be commenced within twenty years."

35. As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, psychological injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, and humiliation.

36. Plaintiff is entitled to compensatory damages from the Defendant in such sums a jury would find fair, just, and adequate.

37. Plaintiff is entitled to punitive damages from the Defendant in such sums as a jury would find fair, just and adequate to deter said defendant and others from future similar misconduct.

38. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

39. This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant on all counts as follows:

    a. Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

    b. Awarding punitive damages in an amount to be determined at trial;

    c. Awarding attorneys' fees and costs pursuant to any applicable statute or law;

    d. Awarding pre- and post-judgment interest on all such damages, fees, and/or costs;

    e.  Attaching any and all of Defendant's real property and other assets located in the State of New York pursuant to Federal Rule of Civil Procedure 64; and

    f.  Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 21, 2025

                                                    CURIS LAW, PLLC

                                   By: /s/ *Antigone Curis*
                                                Antigone Curis, Esq.
                                                Attorney for Plaintiff
                                                52 Duane Street, 7th Floor
                                                New York, New York 10007
                                                Phone: (646) 335-7220
                                                Facsimile: (315) 660-2610